NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| CHAMBERS OF | | MARTIN LUTHER KING |
|---|---|---|
| **SUSAN D. WIGENTON** | | COURTHOUSE |
| UNITED STATES DISTRICT | | 50 WALNUT ST. |
| JUDGE | February 22, 2021 | NEWARK, NJ 07101 |
| | | 973-645-5903 |

Qasim and Silma Jabri
32 New Street
East Orange, NJ 07017
*Pro Se Plaintiffs*

Michael E. Blaine, Esq.
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
*Counsel for Defendant*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** *Qasim Jabri et al. v. Bank of America, N.A.*
**Civil Action No. 20-17004 (SDW) (LDW)**

Litigants:

Before this Court is Defendant Bank of America, N.A.'s ("Defendant") Motion to Dismiss (D.E. 4) Plaintiffs Qasim Jabri ("Mr. Jabri") and Silma Jabri's ("Ms. Jabri") (collectively, "Plaintiffs") Complaint. Subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper pursuant to 28 U.S.C. § 1441. This opinion is issued without oral argument pursuant to Rule 78. This Court having considered the parties' submissions, and for the reasons discussed below, grants Defendant's motion.

**A.**

As far as this Court can tell, Plaintiffs' Complaint, originally filed in the Superior Court of New Jersey on October 28, 2020 and removed to this Court on November 24, 2020, alleges that Plaintiffs entered into a mortgage on a property located at 32 New Street, East Orange, New Jersey ("Property") with non-party GF Mortgage Corp. in 1996. (D.E. 1 ("Compl.") ¶¶ 6, 8, 24; D.E. 4, Blaine Decl. ("Decl."), Exs. A-D.) That mortgage was later assigned to Deutsche Bank Trust Company ("Deutsche Bank") in 2018 in a state court proceeding (the "Deutsche Bank Action").[1] (*Id.*) In 2007, prior to that assignment, Mr. Jabri had transferred his interest in the Property to Ms. Jabri. (Decl., Ex. C at 2.)

---

[1] *Deutsche Bank Trust Co. et. al. v. Qasim Jabri et. al*, Civ. No. C-205-17 (Sup. Ct. Essex Cty. 2018).

Plaintiffs now appear to contend that their "interest in the [P]roperty" was wrongfully "divest[ed]" from them in violation of state and federal law.[2] (*See generally* Compl.; D.E. 5 at 3, 7-8.) In addition to money damages, Plaintiffs request that this Court grant them "full [p]ossession and rights" in the Property as "conveyed by the [d]eed." (Compl., Conclusion.) The Complaint is only signed by Mr. Jabri.[3] (*Id.*)

On December 15, 2020, Defendant moved to dismiss pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6). (D.E. 4.) Defendant's motion attaches four exhibits: the Property note, mortgage, and deed, and the Deutsche Bank Action Order. (Decl., Exs. A-D.) Plaintiffs' opposition failed to directly respond to most of Defendant's arguments and is signed only by Mr. Jabri, with Ms. Jabri's signature line reading only "P.O.A." (D.E. 5 at 2-3, 7-9.) Defendant timely replied. (D.E. 6.)[4]

**B.**

In considering a motion to dismiss under Rule 12(b)(6), an adequate complaint presents "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"). The Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (citation omitted). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing *Iqbal*). Although a complaint filed by a pro se litigant is to be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "pro se litigants still must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, Civ. No. 10-4710, 2013 WL 57895 at *4 (3d Cir. Jan. 7, 2013); *see also Thomas v. Chase Bank*, Civ. No. 09-3803, 2010 WL 1948266, at *2 (E.D. Pa. May 14, 2010) (noting that where fraud is alleged, pro se litigants must still comply with the heightened pleading requirements of Rule 9(b)).

---

[2] Plaintiffs specifically raise claims for: 1) Breach of Contract; 2) Fraud; 3) violations of the Federal Real Estate Procedures Act ("RESPA"); 4) violations of the Uniform Commercial Code ("UCC"); 5) Unjust Enrichment; and 6) violations of the Fair Debt Collection Procedure Act ("FDCPA"). (*See generally* Compl.) Although the Complaint's first page mentions quiet title, this cause of action is not identified as a claim and will not be treated as such by this Court.

[3] As it is relevant to this Court's Rule 11 analysis regarding Ms. Jabri, this Court notes that the Complaint repeatedly refers to "Plaintiff" in the singular. (*See, e.g.*, Compl. ¶¶ 22, 24-26.)

[4] This Court declines to consider Plaintiffs' unsigned sur-reply (D.E. 7), which was filed without leave in violation of Local Civil Rule 7.1(d)(6). *See, e.g, Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305, 313 (D.N.J. 2015), aff'd, 657 F. App'x 134 (3d Cir. 2016) (collecting cases disregarding unauthorized sur-replies).

In considering a motion to dismiss under Rules 12(b)(2) and 12(b)(5), a federal court may not exercise personal jurisdiction over a defendant until the defendant has been properly served. *See Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Rule 12(b)(5) allows a district court to dismiss a case for "insufficiency of service of process." *Wahab v. New Jersey Dep't of Envtl. Prot.*, Civ. No. 12–6613, 2017 WL 4790387, at *5 (D.N.J. Oct. 24, 2017). However, the Third Circuit has counseled that "'when there exists a reasonable prospect that service may yet be obtained,' courts should quash service" or grant the plaintiff additional time to effectuate service rather than dismiss the complaint. *LT Game Int'l Ltd. v. DEQ Sys. Corp.*, Civ. No. 13-4593, 2013 WL 5536195, at *2 (D.N.J. Oct. 7, 2013) (citing *Woog*, 969 F.2d at 30); *see also Wratcher v. Affiliated Computer Servs., Inc.*, Civ. No. 05-1524, 2007 WL 9782907, at *1 (W.D. Pa. Apr. 6, 2007) (a "pro se plaintiff is entitled to some degree of leniency in application of Rule 4").

### C.

Even construing Plaintiffs' Complaint liberally, dismissal is necessary.[5] First, all claims allegedly raised by Ms. Jabri must be dismissed because she has not signed the Complaint. It is well-established that "[p]ro se plaintiffs are generally 'prohibited from pursuing claims on behalf of others in a representative capacity.'" *Liggon-Redding v. Willingboro Twp.*, 351 F. App'x 674, 679 (3d Cir. 2009) (citation omitted). Rule 11 requires every pleading to "be signed by at least one attorney of record ... or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see also Gary v. Albino*, Civ. No. 10-886, 2010 WL 2546037, at *4 n.4 (D.N.J. June 21, 2010) (where pro se filing lacked signatures, the court had "no means of establishing" that either non-signing party had "any claims or experienced any circumstances similar to those" of the signing plaintiff). Here, because the Complaint is signed by only Mr. Jabri, it cannot be treated as a pro se filing on Ms. Jabri's behalf. (D.E. 1 at 10; D.E. 5 at 11.) *Stephens v. Lanigan*, Civ. No. 18-16559, 2019 WL 1384975, at *3 (D.N.J. Mar. 27, 2019) (dismissing complaint where plaintiff had not "signed the Amended Complaint"). Therefore, this Court will *sua sponte* dismiss all claims raised by Ms. Jabri. *Thompson v. Howard*, Civ. No. 09-1416, 2009 WL 3878258, at *1-2 (W.D. Pa. Nov. 18, 2009).[6]

---

[5] In reaching its decision, this Court has considered the Property deed, note, and mortgage as well as the Deutsche Bank Action Order, which are attached as exhibits to Defendant's motion. On a motion to dismiss, the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion" to one for summary judgment. *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Those materials are limited to items "integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations omitted), such as "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents" that the "complainant's claims are based upon." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (internal citation omitted). A court may also consider "matters incorporated by reference" and "items subject to judicial notice." *N.J. Reg'l Council of Carpenters v. RAC Atl. City Holdings, LLC*, Civ. No. 11-03932, 2012 WL 482161, at *2 n.5 (D.N.J. Feb. 14, 2012). Here, the Complaint explicitly references the Deutsche Bank Action and the Property deed, note, and mortgage, but does not attach any underlying documents as exhibits. (*See, e.g.*, Compl. ¶¶ General Allegations, 1, 8, 12-13, 20, 24, 26, Conclusion.) Defendant, however, has attached those documents as exhibits to its motion, and Plaintiffs do not dispute their authenticity. (D.E. 5; D.E. 7.)

[6] This Court is not satisfied that the absence of Ms. Jabri's signature is a readily fixable clerical error. Given that Mr. Jabri relinquished all rights to the Property in 2007, (Decl., Ex. C at 2), and the Deutsche Bank Action lists only Ms. Jabri as a party to the mortgage, (*id.*, Ex. D at 2 (listing Ms. Jabri as the First Party), 4), it is unclear why Mr. Jabri is the sole signatory to the Complaint.

Second, Mr. Jabri's remaining incoherent allegations fail to state plausible claims for relief. The Complaint is largely "unsupported by any specific factual allegations" and is "instead solely premised on conclusory assertions tethered to recitals of the causes of action asserted" therein. *Emrit v. Indep. Music Awards*, Civ. No. 14-6751, 2014 WL 6804445, at *2 (D.N.J. Dec. 3, 2014). Each individual claim exhibits similar deficiencies, which are only heightened given the context provided by the Property deed. *Id.* (breach of contract claims fail where they do not clearly allege the existence of a contract); *Billings v. Am. Exp. Co.*, Civ. No. 10-3487, 2011 WL 5599648, at *11 (D.N.J. Nov. 16, 2011) (fraud claims fail where they do not meet the heightened standards of Rule 9(b), and do not allege (1) a material misrepresentation of presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon; and (5) resulting damage); *Oliver v. Bank of Am., N.A.*, Civ. No. 13-4888, 2014 WL 562943, at *3 (D.N.J. Feb. 11, 2014) (RESPA claims fail where, *inter alia*, they do not "allege a causal link" between their asserted damages and the alleged violations) (citation omitted); *Pennington v. Wells Fargo Bank, N.A.*, 947 F. Supp. 2d 529, 536 (E.D. Pa. 2013) (UCC claims fail where they are comprised of "incomprehensible statements and legal conclusions, wherein not even the slightest impression of a claim can be found"); *Katz v. Ambit Ne., LLC*, Civ. No. 20-1289, 2020 WL 5542780, at *3 (D.N.J. Sept. 16, 2020) (unjust enrichment claims fail, even accounting for the "liberal construction" standard, where plaintiff only provides "'bald assertions' or 'legal conclusions'"); *Coppedge v. PNC Bank*, Civ. No. 18-2123, 2018 WL 10811876, at *1 n.1 (E.D. Pa. Nov. 21, 2018) (FDCPA claims fail where they do not articulate the required elements of the statute). In sum, the Complaint does not include any plausible factual averments that are sufficient to support its asserted causes of action and must be dismissed.[7] (*See* Compl.)[8]

---

[7] Although Mr. Jabri will be permitted to submit an amended complaint, any reassertion of grievances that demand relitigation of the 2018 mortgage transfer are likely barred by collateral estoppel, which promotes judicial efficiency by preventing "a party from relitigating issues that were adjudicated in a prior lawsuit," *Ali v. Univ. Corr. Health Care*, Civ. No. 17-1285, 2018 WL 3158811, at *2 (D.N.J. June 28, 2018), even if those issues now "arise from different causes of action," *Yadav v. Twp. of W. Windsor*, Civ. No. 5314-091, 2012 WL 43619, at *1 (N.J. Super. Ct. App. Div. Jan. 10, 2012) (citation omitted). Under New Jersey law, collateral estoppel applies where (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the prior proceeding's court issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding. *Selective Ins. Co. v. McAllister*, 327 N.J. Super. 168, 173–74 (App. Div. 2000); *Olivieri v. Y.M.F. Carpet, Inc*., 186 N.J. 511, 522 (2006); *see also Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 255 (3d Cir. 2006). Here, although Mr. Jabri asserts a panoply of causes of action, the core of all those claims appears to center on what Mr. Jabri believes was the improper assignment of the mortgage. (*See e.g.*, Compl., ¶¶ 1, 8, 13, 20-24.) It is clear that the 2018 mortgage assignment was actually litigated in the Deutsche Bank Action, as the state court defendants submitted briefing, which was considered by the court, and those arguments were rejected in a final, presumably appealable, judgment dismissing the counterclaims with prejudice and assigning the mortgage to Deutsche Bank. (*See, e.g.*, Decl., Ex. D)

[8] Even if this were not the case, dismissal would be proper because Plaintiffs have not validly served the Complaint as required by Rule 4(h). *Curran v. M & T Bank Corp*., Civ. No. 12-749, 2014 WL 174424, at *6 (M.D. Pa. Jan. 13, 2014) (recognizing the need for "strict compliance with Rule 4" before a court can "exercise power over a party the complaint names as a defendant"). Here, Mr. Jabri's mailing of the Complaint to Bank of America's CEO at a corporate address in North Carolina via certified mail, (*see* Compl., Proof of Service), is insufficient under either the federal or state rules. *See* Fed. R. Civ. P. 4(h); N.J. Ct. R. 4:4-4(b)(C); *Pennington v. Wells Fargo Bank, N.A.*, Civ. No. 11-2896, 2012 WL 959361, at *2 (E.D. Pa. Mar. 22, 2012) (noting that the Federal Rules permit service "by 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located'"); *Days Inns Worldwide, Inc. v. Amar Shakti Enterprises, LLC*, Civ. No. 18-8011, 2019 WL

**CONCLUSION**

For the reasons stated above, this Court will **GRANT** Defendant's motion to dismiss the Complaint (D.E. 4) pursuant to Rule 12(b)(6) and *sua sponte* **DISMISS** all claims raised by Ms. Jabri pursuant to Rule 11.  Mr. Jabri shall have thirty (30) days to file an Amended Complaint and to properly serve Defendant.  Failure to do so will result in dismissal of this matter with prejudice.  An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Orig: | Clerk |
| cc: | Leda D. Wettre, U.S.M.J. |
| | Parties |

---

3423433, at *4 (D.N.J. July 30, 2019) (holding that under New Jersey state law, "a plaintiff may serve a corporation [] by 'mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, ***and simultaneously by ordinary mail'*** to the corporations' 'registered agent for service, or to its principal place of business, or to its registered office'") (emphasis added).  Further, although Defendant's motion clearly laid out the proper route for service over sixty days ago, nothing in Plaintiffs' opposition suggests that they have acknowledged the service shortcomings, attempted to remedy the improper service, or intend to do so in the future.  (*See* D.E. 5.)